UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAMEEK HARRISON,

                                        Plaintiff,

    vs.                                                      9:06-CV-455
                                                                           (TJM/GJD)

SERGEANT DEVLIN, et al.,

                                        Defendants.
_____

SHAMEEK HARRISON
99-A-7023
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, New York 12831
Plaintiff *pro se*

Office of the New York State Attorney General     Michael G. McCartin, Esq.
The Capitol     Asst. Attorney General
Albany, New York 12224

**Hon. Thomas J. McAvoy, Senior United States District Judge**

### MEMORANDUM DECISION and ORDER

      Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that defendant Devlin used excessive force against plaintiff, and that defendants Wrisley, Terry, and Brown failed to intervene to stop the assault. (Dkt. No. 1). Plaintiff also alleges that he was denied constitutionally adequate medical care by defendant Nurse Johnson after the alleged assault. Plaintiff seeks substantial monetary relief.

      Presently before the court is a motion for summary judgment filed by defendant Dale Artus, Superintendent of Clinton Correctional Facility pursuant to FED. R. CIV. P. 56.[1] (Dkt. No. 29). Plaintiff has responded in opposition to the motion. (Dkt. No. 31). For the following reasons, this court agrees with defendant Artus and will order dismissal of the complaint against him.

---

[1] The parties are advised that the referral to the Magistrate Judge as provided for under Local Rule NDNY 72.3 has been rescinded for purposes of this motion.

## DISCUSSION

1. **Summary Judgment**

Summary judgment may be granted when the moving party carries its burden of showing the absence of a genuine issue of material fact. FED. R. CIV. P. 56; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) (citations omitted). "Ambiguities or inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the summary judgment motion." *Id*. However, when the moving party has met its burden, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). At that point, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Id*.

2. **Facts**

Plaintiff alleges that on January 26, 2006, while he was incarcerated in the Clinton Correctional Facility, he was involved in an altercation with another inmate. Compl. ¶ 9 (Dkt. No. 1). As a result of this altercation, defendant Wrisley, who was assigned to security for the area, issued a "red dot code" and "brought the altercation under control." *Id*. Defendants Devlin, Terry, and Brown arrived in response to the "red dot code." *Id*. Plaintiff claims that when defendants Devlin, Terry, and Brown arrived, defendant Devlin began verbally harassing plaintiff. Compl. ¶ 9(a). Plaintiff states that he responded to defendant Devlin's harassment with some inappropriate language of his own, causing defendant Devlin to strike plaintiff from behind. Plaintiff states that the blow knocked him to the ground. *Id.*

Plaintiff claims that after plaintiff fell, defendant Devlin continued to beat plaintiff with a baton. Compl. ¶ 9(b). Plaintiff states that as a result of the beating, he suffered multiple bruises on his arms and a fractured hand. *Id*. Plaintiff alleges that defendants Wrisley, Terry, and Brown merely watched the assault while making jokes about defendant Devlin's actions. Compl. ¶ 9(c). Finally plaintiff alleges that although he was taken to the facility medical clinic, defendant Nurse Johnson

only gave plaintiff "a rudimentary examination" and provided him with ice. Compl.  ¶ 9(d). Plaintiff claims that he was taken back to his cell, where he attempted for two days to obtain proper care for his injuries. *Id.*  Plaintiff states that he was eventually taken to have x-rays, and it was discovered that his hand was broken, requiring a "splint and cast as well as pain medication." *Id.*

The complaint contains three causes of action.  The first cause of action is against defendant Devlin for excessive force.  The second cause of action is against defendants Wrisley, Terry, and Brown for their alleged failure to intervene in the excessive force incident, and the third cause of action is against defendant Johnson for failing to provide plaintiff with constitutionally adequate medical care.

**3.      Respondeat Superior**

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and *respondeat superior* is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)(citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).  In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability.  A supervisory official is personally involved if that official directly participated in the infraction.  *Id*.  The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong.  *Id*.  Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue.  *Id*.  Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event.  *Id*.

In this case, defendant Superintendent Artus is named **only in the caption of the complaint**. There is no mention of the Superintendent anywhere else in the statement of facts or in the entire body of the complaint.  It appears from the facts as stated by plaintiff that the alleged incident was a one-time event, with no claim that there was a policy or custom, or that defendant Artus could have

3

prevented or "remedied" the wrong. Even if defendant Artus had been informed of the alleged violations after the alleged incident, it would have been insufficient under the circumstances of this case to render him personally involved in the constitutional violations. *See Hall v. LeClaire*, 06 Civ. 946, 2007 U.S. Dist. LEXIS 36951 (S.D.N.Y. May 22, 2007)(M.J. Francis), *accepted in part and rejected in part on other grounds*, 2007 U.S. Dist. LEXIS 72715 (S.D.N.Y. Sept. 24, 2007). In *Hall*, the court found that if a supervisory official discovers an ongoing constitutional violation, and fails to remedy the situation, he or she may be "personally involved." *Id.* at *32. This is because the official is confronted with a situation that he can rectify. *Id.* However, if the official learns of a violation after it has occurred, and his alleged inaction or inappropriate action merely delays relief from a past violation, then there is no personal involvement by the supervisor. *Id.*

In his response to defendant Artus's motion, plaintiff states that the defendant "knew or should have known about the custom . . . ." (Dkt. No. 31 at p.2). Plaintiff also cryptically states that defendant's "[f]ailure to act on the information, admittedly received, made liability realized." *Id.* These statements by plaintiff do not properly allege that there existed a custom or policy of unconstitutional conduct that defendant Artus allowed to continue. Additionally, although plaintiff states that the defendant "admittedly received" information, there is absolutely no indication that defendant Artus knew of this alleged incident before, during, or after the incident.

Plaintiff states that on page three of defendant's memorandum of law, he "acknowledges plaintiff's letter informing defendant . . . ." (Dkt. No. 31 at p.3). However, a review of the cited page of defendant's memorandum of law shows that there is no statement that defendant Artus received any kind of information or letter from plaintiff. Def. Mem. at 3. Plaintiff has mis-read the memorandum. On page three of defendant's memorandum, counsel cites *Garrido v. Coughlin*, 716 F. Supp. 98, 100 (S.D.N.Y. 1989) for the proposition that there is no personal involvement even when the supervisory official "ignored plaintiff's letter of protest and request for an investigation of the allegations." Def. Mem. at 3. Defendant Artus was **not conceding that he received a letter from this plaintiff**. In any event, defendant is correct that even *if* he had received a letter from plaintiff after the

4

fact, this would not have been sufficient to establish personal involvement. It is well-settled that an allegation that a supervisor ignored an inmate's letter of protest is *insufficient* to establish personal involvement. *Smart v. Goord*, 441 F. Supp. 2d 631, 642-643 (S.D.N.Y. 2006)(citations omitted). Thus, the complaint may be dismissed as against defendant Artus.

**4.      Service of Process**

In defendant's memorandum of law, counsel mentions that two of the defendants, Officer Terry and Nurse Johnson have not been served with process. Rule 4 of the Federal Rules of Civil Procedure requires that a defendant be served within 120 days of filing the complaint. FED. R. CIV. P. 4(m). The failure to serve a defendant within 120 days of filing the complaint may be a ground for dismissal of the complaint unless good cause is shown for an extension of that time. *Id.* It is true that a *pro se* plaintiff, proceeding *in forma pauperis* may rely upon the Marshal to properly serve the summons and complaint. *Romandette v. Weetabix*, 807 F.2d 309, 311 (2d Cir. 1986).

In this case, service on defendants Terry and Johnson was attempted by the Marshal. However, the summonses were returned "unexecuted" as to both of these defendants. (Dkt. Nos. 9, 20). In defendant Terry's case, the Marshal's form was returned with a letter from the Inmate Records Coordinator of Clinton Correctional Facility, dated August 8, 2006, stating that there are several corrections officers named "Terry" at the facility, and they needed to know which individual plaintiff was attempting to name. (Dkt. No. 9 at p.2). In Nurse Johnson's case, the Marshal's form was returned with a letter from the Inmate Records Coordinator, dated August 28, 2006, stating that there was "no Nurse at this facility by this name." (Dkt. No. 20 at p.2).

Rule 4(m) does provide for dismissal of the action for failure to serve within the requisite time period, however, it also provides that the court must give notice to the plaintiff of its intention to do so. FED. R. CIV. P. 4(m). If plaintiff in this case wishes the action to proceed as against Nurse Johnson and Officer Terry, plaintiff must make an effort to identify these defendants *and* have them properly served with process. On September 6, 2006, the court wrote plaintiff a letter regarding defendant Terry, informing plaintiff that he would have to obtain more information about this

5

defendant in order to complete service. (Dkt. No. 18).  Plaintiff responded by stating that he did not have the full name of either defendant Terry or defendant Johnson, and acknowledged that he would have to engage in some discovery to get the required information. (Dkt. No. 21).

Nothing further has been docketed regarding this issue.  Plaintiff may request the information from defense counsel through discovery, but need not file any "motions" with the court unless plaintiff cannot obtain the information through good faith efforts to simply ask for discovery. Thus, the court will afford plaintiff thirty (30) days from the date of this order to request the appropriate discovery from defendants.  The court is hereby giving plaintiff notice that if these defendants are not served, ***they will be dismissed from this action***.

**5.**     **Appointment of Counsel**

It is unclear from plaintiff's papers that he is actually asking for appointment of counsel, but due to the liberality with which *pro se* parties are treated, this court will interpret plaintiff's papers as making that request.  It is within the court's discretion to appoint pro bono counsel, subject to factors which were articulated by the Second Circuit in *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).  Those factors include the merits of the claim; the plaintiff's ability to present the case, the complexity of the legal issues involved; whether conflicting evidence implicating the need for cross-examination will be the major proof presented at trial; and any other special reason why appointment of counsel may be appropriate to ensure a just determination. *Id.* at 61-62.

However, before the court considers any of the above factors, the plaintiff must show that he has been unable to obtain counsel on his own. *Hodge*, 802 F.2d at 61.  Plaintiff must present evidence that he has made a diligent effort to obtain counsel. *Hall v. Pease*, 99-10, 2000 U.S. App. LEXIS 25415, *2-3 (2d Cir. Oct. 3, 2000).  Plaintiff has not done so in this case.  Thus, to the extent that plaintiff's response to defendant Artus's motion for summary judgment may be interpreted as a request for appointment of counsel, it will be denied without prejudice as premature.

**WHEREFORE**, based on the findings above, it is

ORDERED, that defendant Artus's motion for summary judgment (Dkt. No. 29) is **GRANTED**, and the complaint is **DISMISSED IN ITS ENTIRETY AS AGAINST SUPERINTENDENT ARTUS,,** and it is

**ORDERED**, that within **THIRTY (30) DAYS** of the date of this order, plaintiff must request discovery from defendants in an attempt to identify defendants Terry and Johnson so they can be served with process in this action. The failure to do so will result in the dismissal of these two defendants, and it is

**ORDERED**, that to the extent that plaintiff's response to defendant's motion for summary judgment may be interpreted as a request for appointment of counsel it is **DENIED WITHOUT PREJUDICE.**

Dated: April 21, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge